UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Laura Alexander Nelson, | Case No. 22-cv-2814 (MJD/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota Department of Public Safety, | |
| Defendant. | |

Plaintiff Laura Alexander Nelson filed suit against Defendant State of Minnesota Department of Public Safety on November 2, 2022. (ECF No. 1.) As of March 14, 2023, the record indicated that service of the summons and Complaint on Defendant had not been effected. This Court issued an Order directing Plaintiff to "show cause *in writing* within 30 days as to why [her] claims should not be dismissed against Defendant for non-compliance with Federal Rule of Civil Procedure 4." (ECF No. 3 at 2.) Plaintiff was also warned that "[f]ailure to comply . . . may result in dismissal of this action for failure to prosecute." (*Id*.)

On April 10, 2023, Plaintiff filed a letter with the Court. (ECF No. 4.) According to Plaintiff, she has "contacted approximately 64 attorneys / law firms / legal organizations" over the course of the last year, but still "do[es] not have an attorney to represent [her]." (*Id*.) She notes that she was told that the last law firm she contacted would reply to her inquiry, but she has not yet received their decision. (*Id*.) She "respectfully request[s] that this action not be dismissed for non-compliance with Federal

1

Rule of Civil Procedure 4 as [she is] still waiting to hear from [that] law firm about their potential representation." (*Id.*) As of the date of this Report and Recommendation, Plaintiff has failed to serve Defendant. Nor has she requested additional time to serve Defendant.

A dismissal for want of prosecution is part of a court's "inherent power to control its docket." *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Unless otherwise stated, a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984); *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008). The Eighth Circuit has stressed the importance of the sanction's proportionality to the conduct at issue. *Smith*, 526 F.3d at 405. "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (quoting *Hutchins v. A.G. Edwards & Sons, Inc.*, 116

F.3d 1256, 1260 (8th Cir. 1997)).

In this case, Plaintiff has failed to prosecute. Plaintiff has not advanced her lawsuit forward in the almost six months since filing. Plaintiff failed to provide any information to the Court that Defendant has been served, let alone that Defendant has been served within the time permitted under Fed. R. Civ. P. 4(m). Nor is there any other indication in the record that Defendant has been served. Plaintiff's pro se status does not relieve her of her obligations to comply with the Federal Rules of Civil Procedure. *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives.") (citation omitted); *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer . . . ."); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure.") (citations omitted). Given Plaintiff's failure to comply with Rule 4(m), the Court concludes dismissal of Plaintiff's claims against Defendant for failure to prosecute is warranted.

Now, the Court must determine how dismissal of those claims is put into effect. *Hunt*, 203 F.3d at 527. The Court concludes, given Plaintiff's pro se status, that dismissal without prejudice is appropriate. Dismissal without prejudice appropriately balances this Court's need for efficient and effective docket control with Plaintiffs' access to justice. *Id.*; *see Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (noting purpose of imposing sanctions is to deter future offensive conduct by the responsible individual and others). Plaintiff is warned that given the Court's recommendation in this

3

matter, dismissals of future cases filed by Plaintiff may well justify dismissal with prejudice.

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's claims against Defendant be **DISMISSED WITHOUT PREJUDICE**.

Date: April __17__, 2023
                                                    *s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Nelson v. State of Minnesota Department of Public Safety*
Case No. 22-cv-2814 (MJD/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).